**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:26-CV-00199-RSE**

**ANGELA J.** **PLAINTIFF**

**VS.**

**FRANK BISIGNANO,**
*Commissioner of Social Security* **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

The Commissioner of Social Security denied Claimant Angela J.'s applications for disability insurance benefits and supplemental security income benefits. Claimant seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), filing a fact and law summary and brief. (DN 14; DN 14-1). The Commissioner responded in a fact and law summary, (DN 17), and Claimant filed a reply (DN 18).

The parties have consented, under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 12).

## I. Findings of Fact

Claimant Angela J. ("Claimant") applied for disability insurance benefits under Title II of the Social Security Act in August 2024. (Transcript, hereinafter, "Tr." 181-82). She also applied for supplemental security income benefits under Title XVI of the Social Security Act in November 2024. (Tr. 183-89). In both applications, Claimant alleged disability beginning on December 1, 2023. (Tr. 181-89). Her applications were denied by the State agency Disability Determination

Service at both the initial and reconsideration levels. (Tr. 67; 77; 87).

At Claimant's request, Administrative Law Judge Stacey Foster ("ALJ Foster") conducted a hearing by telephone on July 10, 2025, at which Claimant and a vocational expert ("VE") testified. (Tr. 34-57). On October 9, 2025, ALJ Foster issued a decision finding that Claimant was not disabled. (Tr. 15-29). In applying the five-step sequential analysis from 20 C.F.R. § 404.1520(a), ALJ Foster found as follows. First, Claimant has not engaged in substantial gainful activity since December 1, 2023, her alleged onset date. (Tr. 18). Second, Claimant has the following severe impairments: generalized osteoarthritis, degenerative disc disease, fibromyalgia, sacroiliitis, carpal tunnel syndrome, diabetes mellitus, peripheral neuropathy, mood and anxiety disorders. (*Id.*). Third, none of Claimant's impairments or combination of impairments meets or medically equals the severity of a listed impairment from 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*). Fourth, ALJ Foster found Claimant has the residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> [N]o climbing of ladders, ropes, or scaffolding; no more than occasional stooping, kneeling, crouching, crawling, and climbing of ramps and stairs; frequent handling and fingering with the bilateral upper extremities; and no concentrated exposure to vibration and workplace hazards.

(Tr. 20-21). ALJ Foster also found that Claimant can do the following:

> The [C]laimant can understand, remember, and carry out simple instructions and procedures involving brief initial learning periods, can maintain concentration, persistence, and pace for simple tasks involving little or no independent judgement and minimal variation, can tolerate occasional interaction with the public, and can adapt to the pressures and changes of a routine work environment.

(*Id.*). Finally, ALJ Foster determined that Claimant is unable to perform any past relevant work but can perform other work including charge account clerk and weight tester, each of which have or exceed 12,000 jobs nationally. (Tr. 27-28).

Claimant appealed ALJ Foster's decision, and the Appeals Council declined review. (Tr. 1-3). At that point, ALJ Foster's decision became the final decision of the Commissioner, and Claimant sought judicial review from this Court pursuant to 42 U.S.C. § 405(g). (DN 1).

## II. Standard of Review

Administrative Law Judges make determinations as to social security disability by undertaking the five-step sequential evaluation process mandated by the regulations. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 803-4 (6th Cir. 2008) (citing *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)); 20 C.F.R. §§ 404.1520(b), 416.920(b). Throughout this process, the claimant bears the overall burden of establishing they are disabled; however, the Commissioner bears the burden of establishing the claimant can perform other work existing in significant numbers in the national economy. *Id.* at 804 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

When reviewing the Administrative Law Judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, the Court's review of the Administrative Law Judge's decision is limited to an inquiry as to whether the Administrative Law Judge's findings were supported by substantial evidence, 42 U.S.C. § 495(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the Administrative Law Judge employed the proper legal standards in reaching her conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could support a decision as adequate to support the challenged conclusion, even if that evidence could support a decision the

other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Supreme Court has clarified "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high[.]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted).

When the Court reviews the Administrative Law Judge's application of legal standards, the decision is reviewed for harmless error. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009). Accordingly, when an Administrative Law Judge fails to adhere to the appropriate rules and regulations, remand is warranted if "the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Id.* (quoting *Connor v. United States Civil Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)).

## III. Conclusions of Law

Claimant asserts that ALJ Foster's determination at Step Five is unsupported by substantial evidence because the VE testimony ALJ Foster relied upon was wrong. (DN 14, at PageID # 652-58). She alleges that she cannot perform the two positions identified by the VE because they conflict with her RFC based on their job descriptions and function levels as described in the Dictionary of Occupational Titles ("DOT"). (*Id.*). Specifically, Claimant contends that the simple-tasks and simple-instructions limitations in the RFC conflict with the DOT reasoning levels required for the positions of charge account clerk and weight tester, and the occasional-public-interactions limitation conflicts with the DOT interaction level required for the position of charge account clerk. (*Id.*). Because of these conflicts, Claimant argues, both positions should be excluded and render Step Five unsupported by substantial evidence. (*Id.*).

In response, the Commissioner alleges that the VE's uncontradicted testimony constitutes substantial evidence to support ALJ Foster's findings. (DN 17, at PageID # 669-74). The

Commissioner explains that ALJ Foster's findings and line of questioning during the VE's hearing testimony comport with the requirements pertaining to vocational evidence under Social Security Ruling 24-3p, and Claimant did not present the issue she now raises with the VE's testimony during or after the hearing to the ALJ. (*Id.*). As ALJ Foster appropriately relied on the VE testimony based on the evidence of record at the time of her decision, it offers substantial evidence in support of her findings at Step Five. (*Id.*). Moreover, the Commissioner alleges, VEs are no longer required to explain conflicts between occupations identified by the VE and information in the DOT, so no error results from the failure to identify or address the inconsistencies Claimant now submits. (*Id.*). And finally, the Commissioner claims, the cases upon which Claimant relies are unpersuasive and fail to demonstrate that, even considering the DOT definitions, a true conflict warranting remand results. (*Id.*).

On reply, Claimant submits that the issue presented is not whether the definitions in the DOT conflict with the VE's testimony, but whether the jobs the VE provided conflict with Claimant's RFC itself. (DN 18). Because the jobs conflict with the RFC, Claimant alleges, ALJ Foster denied her claims based on an ability to perform jobs that she cannot perform and the decision is unsupported by substantial evidence. (*Id.*).

During Claimant's hearing, ALJ Foster asked Claimant's representative if there were any objections to the VE's qualifications, to which Claimant's representative stated that she "ha[d] no objection[.]" (Tr. 50-51). Then, ALJ Foster presented the following hypothetical to the VE:

> For my first hypothetical, I'd like you to assume an individual of the Claimant's age, education and work history, who could tolerate light physical exertion involving no climbing of ladders, ropes, or scaffolds and no more than occasional stopping, kneeling, crouching, crawling or climbing of ramps and stairs. This individual could perform frequent, but not constant handling and fingering with the bilateral upper extremities. She must avoid concentrated exposure to vibration and

> hazards. She could understand, remember and carry out simple instructions and procedures involving brief initial learning periods defined as periods of 30 days or less. She could maintain concentration, persistence and pace for simple tasks involving little or no independent judgment and mental variation. She could tolerate occasional interaction with the public and adapt to the pressures and changes of a routine work environment. . . . Would there be other jobs in the national economy that that person could perform?

(Tr. 51-52). The VE answered in the affirmative and listed mail clerk, office helper, and housekeeping cleaner, as three jobs the individual described could perform. (*Id.*). ALJ Foster then asked what jobs, if any, might be available "if we keep those limitations but reduce the exertional level to sedentary?" (*Id.*). The VE testified that an individual capable of sedentary work, and further restricted by the limitations described, could perform the jobs of charge account clerk and weight tester. (*Id.*).

After posing these hypotheticals, ALJ Foster asked the VE how she came to her conclusions. (Tr. 53-54). The VE testified that the "[s]ources [she] relied upon in answering [the ALJ's] questions about jobs include the Dictionary of Occupational Titles, [her] education, work experience, and knowledge of the labor market." (*Id.*). She further represented that the sources she relied upon do not define exertion, education, or skill level differently than agency regulations. (*Id.*). When cross-examined by Claimant's representative, the VE further testified that her testimony was consistent with the VE handbook and reaffirmed her testimony was consistent with agency rules and regulations. (Tr. 56).

Social Security Ruling ("SSR") 00-4p required ALJs to expressly inquire about and resolve conflicts between VE testimony and the DOT. *See* SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000). Based on the affirmative duty imposed in SSR 00-4p, the Sixth Circuit employed a harmless error standard when the DOT level for a particular job potentially conflicts with the limitations in the RFC and the ALJ fails to inquire about or resolve that conflict, "looking to whether the DOT []

levels are inconsistent with a particular claimant's actual limitations." *Joyce v. Comm'r of Soc. Sec.*, 662 F. App'x 430, 435-37 (6th Cir. 2016).

SSR 00-4p, however, is inapplicable to this Court's analysis. SSR 24-3p rescinded and replaced SSR 00-4p and provides the revised standards ALJs apply in evaluating whether vocational evidence is sufficient to support a disability determination. 2024 WL 5256890, at *1 (Dec. 6, 2024). In promulgating SSR 24-3p, the SSA recognized that the old requirements led to "unnecessary remands to resolve apparent conflicts that were not identified at the hearing when the VE testified" so SSR 24-3p "no longer requires ALJs to identify and resolve conflicts between the information provided by the VE and information in the DOT." *Ayers v. Bisignano*, No. 6:25-39-KKC, 2025 WL 3143036, at *5 (W.D. Ky. Nov. 10, 2025). The standards imposed in the new Ruling afford ALJs "more leniency" than its predecessor so as not to "discourage use of occupational information that is reliable and commonly used in the vocational profession." *Id.*; SSR 24-3p, 2024 WL 5256890, at *2. The Ruling expressly provides that a claimant's representative is expected "to raise any relevant questions or challenges about the VE's testimony at the time of the hearing and to assist in developing the record through appropriate questions to the VE." 2024 WL 5256890, at *4.

Claimant now alleges that the VE's answer to ALJ Foster's second hypothetical was wrong, but she never presented that argument to the ALJ during the hearing or in a post-hearing memorandum. By failing to object to the VE's testimony upon which ALJ Foster relied, Claimant waived the challenge she now brings before this Court. *See Tamela B. v. Comm'r of Soc. Sec.*, No. 3:23-cv-00319, 2025 WL 925866, at *5 (S.D. Ohio Mar. 27, 2025) ("[t]he Sixth Circuit, along with other courts across the country, have generally recognized that a claimant's failure to object

to testimony offered by a [VE], at the time of the administrative proceeding, waives the claimant's right to raise such issues in the district court.") (quoting *Harris v. Comm'r of Soc. Sec.*, No. 1:11-CV-1290, 2012 WL 4434078, at *3 (N.D. Ohio Sep. 24, 2012) (collecting cases)) (alterations in original)); *see, e.g.*, *Francis v. Comm'r of Soc. Sec.*, No. 2:20-cv-1684, 2021 WL 140760, at * 10-11 (S.D. Ohio Jan. 15, 2021) ("because [claimant] failed to raise this issue at the administrative level, despite being afforded multiple opportunities to do so, [claimant] has waived any objections to the ALJ's reliance on the vocational examiner's testimony.").

In response to a hypothetical that accurately depicted Claimant's RFC, the VE identified two jobs of which the individual described could perform. The VE identified the data sources she relied upon and provided a general explanation of her methodology. She confirmed that her sources were consistent with agency rules and regulations. Claimant did not object to the VE's testimony at the time of the hearing or afterwards. Based on the record before her, ALJ Foster was under no independent duty to confirm that the VE's testimony was correct. *Poole v. Bisignano*, No. 5: 25-139-DCR, 2025 WL 3102065, at *4 (E.D. Ky. Nov. 6, 2025) (finding "the ALJ [was] not obligated to investigate further or notice the alleged conflict between the DOT and the VE's testimony as it was not obvious and [claimant] made no objection." (internal citation omitted)). ALJ Foster satisfied her obligations under SSR 24-3p when she relied on VE testimony to conclude that there are a significant number of jobs existing in the national economy which Claimant can perform, and her conclusion is supported by substantial evidence. *See, e.g.*, *Lajuan F. v. Comm'r of Soc. Sec.*, No. 24-11094, 2025 WL 1832316, at *6 (E.D. Mich. June 17, 2025) ("the VE's uncontradicted testimony 'easily qualifies' as substantial evidence supporting the ALJ's determination at Step Five."). Thus, ALJ Foster's decision comports with the applicable

regulations and is supported by substantial evidence. No error results.

ORDER

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner is **AFFIRMED** in accordance with the findings above. This is a final and appealable Order and there is no just cause for delay.

**IT IS SO ORDERED.**

Regina S. Edwards, Magistrate Judge
United States District Court

October 14, 2026

Copies: Counsel